UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES T. WALTERS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-299

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 16), the Commissioner's memorandum in opposition (doc. 23), Plaintiff's reply (doc. 25), the administrative record (doc. 10),[1] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff filed for SSI on April 2, 2015 alleging disability as a result of a number of alleged impairments including, *inter alia*, lumbar spine degenerative disc disease, obesity, right knee chondromalacia status-post arthroscopy, depression, and anxiety. PageID 58.

After an initial denial of his application, Plaintiff received a hearing before ALJ Deborah F. Sanders on June 9, 2017. PageID 73-118. The ALJ issued a written decision on January 3, 2018 finding Plaintiff not disabled. PageID 54-67. Specifically, the ALJ found at Step Five that, based upon

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] could perform[.]" PageID 61-67.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 35-37. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B. Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 54-67), Plaintiff's Statement of Errors (doc. 16), the Commissioner's memorandum in opposition (doc. 23), and Plaintiff's reply (doc. 25). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246

---

[2] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and

>     RFC -- do significant numbers of other jobs exist in the national economy
>     which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in (1) weighing the opinions of his treating physician; and (2) weighing the opinion his treating therapist. PageID 1580-88. Agreeing with Plaintiff's first assignment of error, the undersigned would direct the ALJ to consider the remaining argument on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers.  *Id*.  Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th

Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, the record contains two opinions written by Plaintiff's treating physician, Carol Barlage, M.D. On October 16, 2015, Dr. Barlage wrote a letter concluding that Plaintiff was unable to stand for longer than ninety minutes at a time and could not sit for longer than 150 minutes at a time. PageID 627. Roughly a year later, on September 22, 2016, Dr. Barlage completed a medical source statement opining that Plaintiff could: at most occasionally lift and carry one to five pounds; occasionally reach with his left and right arms; stand for fifteen minutes at a time and for one to two hours total; walk for five minutes at a time and for one hour total; sit for ninety minutes at a time and three hours total; and could never bend, crouch, crawl, or climb ladders. PageID 1238-39. Finally, Dr. Barlage determined that Plaintiff would miss five or more days per month due to his impairments, and explained that his "degenerative disc disease… [and] major depression [] interferes with [his] ability to work." PageID

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

1239.  In weighing these treating opinions, the ALJ committed multiple errors in finding that "the overall inconsistencies of Dr. Barlage's opinions render them unpersuasive and they are given little weight."  PageID 64.

Initially, the undersigned notes that the ALJ erred in failing to specifically decline to give Dr. Barlage's treating opinions controlling weight.  *Id*.  As noted by this Court on numerous occasions, such a failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions."  *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted,* No. 3:18-CV-8, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.*, No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).  Instead, the ALJ discounted those opinions partially because Plaintiff "was never given any weight restriction by any treating source."[4]  PageID 64.  In so doing, the ALJ misapplied the controlling weight analysis, which only requires the treating opinion to be consistent with the record as a whole, not to be supported by an opinion of another treating physician.

Such an error is not harmless where, as here, there is objective medical evidence in the record supportive of Dr. Barlage's opinions.  For instance, Dr. Barlage's own treatment notes indicate that Plaintiff "walks stiffly"; has limited range of motion in the lumbar spine and "stiffness in lower back"; is "tender at greater trochanter right hip"; has "limited range of motion with significant stiffness"; and an "altered" gait.  PageID 415, 421, 424, 429.  Plaintiff's physical therapy notes document: deviations in gait; "decreased functional mobility"; decreased activities of daily living; decreased lower extremity strength; antalgic gait; difficulty walking; tenderness of the right knee; and positive McMurray and Steinman's Test, effusion, and limited rang of motion in the right knee.  PageID 435, 447, 595, 647, 650.  While the ALJ asserts that the record "indicate[s] no limitation in activities," Plaintiff's physical

---

[4] The undersigned also notes that on August 2, 2016, Plaintiff's physical therapist listed the following restriction: "(back: no lifting, limited bending)."  PageID 1144.

6

therapist explicitly noted that "these barriers *limit [his] ability to tolerate activities*." PageID 64; 435 (emphasis added). Thus, the ALJ's analysis, in this regard, mandates reversal because it is directly contradicted by the record and is therefore unsupported by substantial evidence.

The ALJ also discounted Dr. Barlage's opinion because Plaintiff's "use of a cane is barely noted (B1F, p. 17; B13F, p. 12; B18F, p. 14)." PageID 64. For an ALJ to find a cane "medically necessary," there is no requirement that a cane be mentioned a certain number of times. Rather, "[a] cane would be medically necessary if the record reflects more than just a subjective desire on the part of the plaintiff as to the use of a cane." *Simmons v. Comm'r of Soc. Sec.*, No. 1:12-CV-2591, 2013 U.S. Dist. LEXIS 188426, *at 29 (N.D. Ohio July 9, 2013). Indeed, the ALJ cited treatment notes indicating that Plaintiff's cane is medically necessary. Namely, the notes demonstrate that his cane was used in conjunction with: an "antalgic" gait; observations that Plaintiff "leans to the right [and has] decreased step length and cadence"; MRI impressions of "dextroscoliosis of the lumbar spine," "loss of intervertebral disc space…with facet arthropathy," and "decreased interspinous space… suggestive of Baastrup disease"; and that his cane should be used "as directed." PageID 371-73; 1286. More importantly, the ALJ ostensibly found Plaintiff's cane use credible elsewhere in the opinion, as she included it in Plaintiff's RFC. PageID 62 ("must be able to use a cane to ambulate"). The undersigned finds remand necessary so that -- at a minimum -- the ALJ can clarify this internal inconsistency.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's

entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  9/16/2019                                                           s/ Michael J. Newman
                                                                                      Michael J. Newman
                                                                                      United States Magistrate Judge